UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS TOOLEY,<br>an individual,<br><br>   Plaintiff,<br><br>vs.<br><br>NEW CASTLE ABG, LLC,<br>an Illinois Limited Liability Company,<br><br>and<br><br>ALDI (INDIANA) L.P.,<br>an Indiana Limited Partnership,<br><br>and<br><br>ALPAGOT FAMILY LIVING TRUST,<br><br>   Defendants. | CASE NO.: 1:19-cv-02363 |

## COMPLAINT

Plaintiff, DENNIS TOOLEY, through his undersigned counsel, hereby files this Complaint and sues NEW CASTLE ABG, LLC, an Illinois Limited Liability Company, ALDI (INDIANA) L.P., an Indiana Limited Partnership, and ALPAGOT FAMILY LIVING TRUST, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, DENNIS TOOLEY (hereinafter referred to as "MR. TOOLEY"), is a resident of the State of Indiana in Johnson County.

4. Plaintiff, MR. TOOLEY, is a qualified individual with a disability under the ADA. MR. TOOLEY suffers from Multiple Sclerosis, which causes severe nerve damage and affects his ability to walk and stand.

5. Due to his disability, Plaintiff MR. TOOLEY is substantially impaired in several major life activities and requires the use of mobility aids including a wheelchair, walker or a cane depending on his level of pain and fatigue on a daily basis.[1]

6. Defendant, NEW CASTLE ABG, LLC, (hereinafter referred to as "NEW CASTLE" or collectively as "Defendants"), is an Illinois Limited Liability Company registered to do business in the State of Indiana. Upon information and belief, Defendant is the owner, lessee, and/or operator of the portions of real property and improvements, which are the subjects of this action, containing the Rural King store, to wit: the "Property" known as Rural King at King's Plaza, generally located at 127 S. Memorial Drive, New Castle, IN 47362. Defendant is responsible for complying with the obligations of the ADA.

7. Defendant, ALDI (INDIANA) L.P., (hereinafter referred to as "ALDI" or collectively as "Defendants"), is an Indiana Limited Partnership registered to do business in the State of Indiana. Upon information and belief, Defendant is the owner, lessee, and/or operator of the portions of real property and improvements, which are the subjects of this action, containing the Aldi store, to wit: the "Property" known as Aldi at King's Plaza, generally located at 107 S.

---

[1] Mr. Tooley is capable of walking short distances without assistance on good days.

Memorial Drive, New Castle, IN 47362.  Defendant is responsible for complying with the obligations of the ADA.

8. Defendant, ALPAGOT FAMILY LIVING TRUST, (hereinafter referred to as "ALPAGOT" or collectively as "Defendants"), is a living trust formed in the State of Indiana. Upon information and belief, Defendant is the owner, lessee, and/or operator of the remaining portions of real property and improvements which are not owned by Aldi or New Castle, which are the subjects of this action, to wit: the "Property" known as King's Plaza, generally located at 113-125 S. Memorial Drive, New Castle, IN 47362.  Defendant is responsible for complying with the obligations of the ADA.

9. All events giving rise to this lawsuit occurred in the Southern District of Indiana.

**COUNT I - VIOLATION OF TITLE III OF THE
AMERICANS WITH DISABILITIES ACT**

10. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Defendants' Property is open to the public and provides goods and services to the public.

10. Plaintiff MR. TOOLEY has visited the Property numerous times over the past year and attempted to utilize the goods and services offered at the Property.  MR. TOOLEY plans to return to the Property in the near future.

11. While at the Property, MR. TOOLEY experienced serious difficulty accessing the goods and utilizing the services thereon due to the architectural barriers discussed in this Complaint.

12. MR. TOOLEY continues to desire to visit the Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist. Furthermore, but for the barriers to access described herein, Plaintiff would visit the Property more often.

13. Defendants are in violation of 42 U.S.C. § 12181 <u>et seq</u>. and 28 C.F.R. § 36.302 <u>et seq</u>. and is discriminating against the Plaintiff due to, but not limited to, their failure to provide and/or correct, the architectural barriers to access below, which were personally encountered by and hindered Plaintiff's access to the Property:

<u>Rural King/New Castle Section</u>:

    A. Plaintiff encountered inaccessible parking in the parking rows adjacent to the Rural King store due to disabled use parking spaces which are poorly identified due to severely faded paint lines and, in some instances, a lack of proper signage.

    B. Plaintiff encountered inaccessible parking in the parking rows adjacent to the Rural King store due to disabled use parking spaces which fail to include an adjacent access aisle for loading and unloading.

    C. Plaintiff encountered inaccessible parking in the parking rows adjacent to the Rural King store due to disabled use parking spaces with pavement in disrepair causing slopes in excess of 1:48.

    D. Plaintiff encountered inaccessible routes and curb ramps leading to the entrances to the Rural King store due to pavement in disrepair and excessive

slopes. The sidewalk at Rural King leading to the other stores at the Property is also routinely blocked by merchandise with obstructs to path.

King's Plaza/Alpagot Section:

E. Plaintiff encountered inaccessible parking in the parking rows adjacent to the Rural King store, Ming's Garden, Nail Experts and the Boost Mobile store due to disabled use parking spaces which are poorly identified due to severely faded paint lines and, in some instances, a lack of proper signage.

F. Plaintiff encountered inaccessible parking in the parking rows adjacent to the Rural King[2] store due to disabled use parking spaces which fail to include an adjacent access aisle for loading and unloading.

G. Plaintiff encountered inaccessible parking in the parking rows adjacent to the Rural King store, the Ming's Garden, Nail Experts and the Boost Mobile store due to disabled use parking spaces with pavement in disrepair causing slopes in excess of 1:48.

H. Plaintiff encountered inaccessible curb ramps adjacent to the Ming's Garden and Boost Mobile, the only curb ramps in this section of the Property, due to excessive slopes and pavement in disrepair. Additionally, some disabled use parking spaces, such as the ones near the Nail Experts entrance, lack a nearby connecting curb ramp to the Property sidewalk.

Aldi Section:

---

[2] Although some of these parking spaces are located adjacent to Rural King, they appear to be on land owned by Defendant Alpagot.

        I.     Plaintiff encountered inaccessible parking designated for disabled use near Aldi due to pavement in disrepair causing slopes in excess of 1:48.

14. Plaintiff has visited the entire public premises described herein and encountered numerous barriers throughout.

15. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

16. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendants.

17. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendants, and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned, leased and/or operated by Defendants are in violation of the ADA;

B. That the Court enter an Order directing Defendants to alter their facility to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.  That the Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures.

D.  That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.  That the Court award such other and further relief as it deems necessary, just and proper.

Dated: June 13, 2019

Respectfully Submitted,

By: *Louis I. Mussman* .
Louis I. Mussman, Esq.
Bar No. 597155
Ku & Mussman, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (305) 891-4512
Louis@KuMussman.com

and

Eric C. Bohnet, Esq.
Attorney No. 24761-84
Attorney at Law
6617 Southern Cross Drive
Indianapolis, Indiana 46237
Tel: (317) 750-8503
ebohnet@gmail.com